Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 805 | **DATE** | 5/31/2002 |
| **CASE TITLE** | John J. Pouska vs. Kenneth S. Apfel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Plaintiff's application for attorney's fees [23-1] is granted in part, in the amount of $9,349.19, payable to Frederick J. Daley, Ltd. The Commissioner is granted leave to file, within 10 days of this order, a brief on the issue of Pouska's attorney's fees incurred litigating the EAJA fee petition. Pouska may file a reply brief 7 days thereafter.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 5 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | 27 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUN -4 AM 7:52 | JUN 0 4 2002 date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN J. POUSKA, )
          Plaintiff, ) Case No. 99 C 805   JUN 0 5 2002
v. )
)
KENNETH S. APFEL, ) Judge Joan B. Gottschall
          Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff John Pouska filed a complaint in this court requesting judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Title II disability insurance benefits pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g). This court held that there was not substantial evidence to support the denial and remanded for further development of Pouska's claim. Before the court is Pouska's application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for his attorney's work appealing the denial of his benefits. For the reasons set forth below, the court grants Pouska's application in the amount of $9,349.19.

## Background

On July 30, 1995, Pouska filed his application for Title II disability insurance benefits, alleging disability since December 29, 1994, due to cardiomyopathy and a history of a total left hip replacement. Both his application and request for reconsideration were denied. Pouska then was granted a hearing before an administrative law judge ("ALJ").

Pursuant to Social Security regulations, the ALJ applied a sequential five-part test[1] in

---

[1] The ALJ must consider: (1) whether the claimant is presently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) whether the claimant is unable to perform his past

determining whether Pouska was disabled. *See* 20 C.F.R. § 416.920. The ALJ denied Pouska's benefits on March 14, 1997. Specifically, at step three, the ALJ concluded that Pouska's impairments "do not meet or equal in severity a listed impairment" in the Social Security regulations. (Report and Recommendation ("R&R") of 9/18/00, at 8.) She also concluded, at step five, that Pouska has the residual functional capacity ("RFC")[2] to "lift and carry a maximum of 15 pounds, to stand for up to 2 hours at a time, to walk several blocks at a time, and to sit indefinitely." (*Id.*) Based on these findings combined with Pouska's limitations, a vocational expert at the hearing testified that there were 1,300 semiskilled inspection jobs and 9,000 semiskilled cashier jobs that someone with Pouska's profile could perform. The ALJ thus denied Pouska's application for benefits. On December 5, 1998, the Appeals Council denied Pouska's request for review.

Pouska then filed a complaint in this court for judicial review pursuant to 42 U.S.C. § 405(g). The case was referred to Magistrate Judge Geraldine Soat Brown, who issued a Report and Recommendation ("R&R") on September 18, 2000, recommending that the case be reversed and remanded to the Commissioner to determine the period of disability and an award of benefits to Pouska. The Commissioner filed objections to the R&R. On November 28, 2000, this court accepted the magistrate judge's recommendation that the ALJ's decision was not supported by substantial evidence, but remanded the case for further development of Pouska's claim. (Order

---

relevant work; and (5) whether the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920; *see also Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 393 (7th Cir. 1992).

[2]A claimant's residual functional capacity is "what [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a).

2

of 11/28/00.) Pouska now seeks an award of reasonable attorney's fees, pursuant to the EAJA, for his counsel's work appealing the denial of his benefits.

**Analysis**

Pouska requests $10,763.19 in attorney's fees and costs, reflecting his counsel's work both on the merits of Pouska's case and during the EAJA litigation. The Commissioner argues that this court should deny Pouska's application for attorney's fees because the Commissioner's position was substantially justified, satisfying the EAJA's requirements. In the alternative, the Commissioner asks this court to reduce the amount of Pouska's fee request, arguing that it is excessive.

A. EAJA

The EAJA states that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... , unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). To award attorney's fees, the court must find that: (1) the plaintiff has made a timely application for fees; (2) the plaintiff is a prevailing party; and (3) the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). In this case, the Commissioner admits that Pouska has made a timely application for fees and that he is a prevailing party. The only issue is whether the government's position was substantially justified.

"[T]he government bears the burden of proving that its position was substantially justified." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). A position is "substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law

3

and fact." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). To meet this standard, the government must "show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified." *Marcus*, 17 F.3d at 1036.

As the Commissioner points out, different standards apply at the merits stage and the EAJA fees stage. At the merits stage, the ALJ's determination must be supported by "substantial evidence" in the record "which is evidence a reasonable mind might accept as adequate to support a conclusion." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) (internal quotation marks omitted). At the EAJA stage, as discussed above, fees should be awarded unless the government's position was substantially justified. While the ultimate decision on the merits is important, "the outcome of a case is not conclusive evidence of the justification for the government's position." *Hallmark*, 200 F.3d at 1079. "It is more important for the district court to examine the actual merits of the Government's litigating position." *Id.* at 1080.

In this case, the court found that the ALJ's decision to deny benefits to Pouska was not supported by substantial evidence. Specifically, the court held that the ALJ's conclusions at steps 3 and 5 in the required five-step inquiry lacked support. This court now concludes that the ALJ's decision was not reasonably based in fact, for several reasons, and that the Commissioner was not substantially justified in its position that the record contained adequate evidence to support the ALJ's findings.

The ALJ's factual errors are numerous. At step 3, the ALJ determined that Pouska did not have chronic heart failure while on a regimen of prescribed treatment, as defined by 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 4.02(A). In making her determination, the ALJ apparently relied almost exclusively on the fact that Pouska's ejection fraction,[3] which was tested at 35-40%, was higher than the level of 30% or below set forth in § 4.02(B). However, § 4.02(A) clearly states that the ejection fraction is not a requirement for a finding of disabling chronic heart failure. Even more significantly, "there is no indication that the ALJ considered the additional symptoms listed in § 4.02(A), a number of which, it appears from the record, are symptoms plaintiff has manifested." (Order of 11/28/00, at 2.) The ALJ's failure to consider significant evidence that conflicts with her decision is contrary to established law. *Lauer v. Apfel*, 169 F.3d 489, 494 (7th Cir. 1999) (citing *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995)).

In addition, the ALJ relied on an exercise test with negative results, but the ALJ appears to have mistakenly believed that the test was done in November 1995, after Pouska's defibrillator implantation, when in fact it was done before. For these reasons, this court held that the "ALJ's decision at Step 3 cannot stand on this record." (Order of 11/28/00, at 2.) The Commissioner argues that there is "some evidence" that Pouska's cardiac functioning had improved with treatment and that his congestive heart failure was controlled. (Def.'s Resp. Pl.'s Pet. Att'y Fee at 4.) This does little to mitigate the ALJ's failure to consider crucial evidence contrary to her decision and the ALJ's clear factual error regarding the date of the exercise test.

---

[3] According to the R&R, "ejection fraction" is a measure of the efficiency of the ventricles. (R&R of 9/18/00, at 10 n.16.)

At step 5, which asks whether the claimant is able to perform other substantial gainful employment that exists in significant number in the economy, it appears that the ALJ disregarded significant testimony from Dr. Eyebel, Pouska's treating physician. "A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). Specifically, Dr. Eyebel opined that Pouska suffers from shortness of breath and fatigue, exhibits a marked limitation of physical activity, and often experiences cardiac symptoms severe enough to interfere with attention and concentration. It appears that the ALJ gave no weight to that opinion, perhaps because Dr. Eyebel failed to complete the last two pages of a required form asking for information dealing with functional capacity. However, "his failure to provide the information requested . . . does not justify ignoring his clear responses concerning plaintiff's symptoms." (Order of 11/28/00, at 2.) Moreover, the ALJ impermissibly discounted Pouska's subjective complaints, despite the fact that the cardiac symptoms and hip pain about which Pouska complains were supported by evidence from his treating physician and the Commissioner's own vocational expert, respectively.

Finally, "in reaching her opinion on residual functional capacity, the ALJ formulated hypothetical questions to the vocational expert at plaintiff's hearing which are inconsistent with the evidence of record." (Order of 11/28/00 at 3.) A "hypothetical question [must] be supported by the medical evidence in the record." *Meredith v. Bowen*, 833 F.2d 650, 654 (7th Cir. 1987). Despite the ALJ's conclusions, there is no evidence that Pouska can (a) lift 15 pounds, (b) sit indefinitely, or (c) perform work requiring sustained concentration. In fact, Dr. Eyebel's

6

testimony suggests the contrary of the ALJ's last conclusion. Moreover, "[t]he ALJ also appears to have significantly exaggerated the nature of plaintiff's simple daily activities." (Order of 11/28/00 at 3.) *See Clifford*, 227 F.3d at 872 ("[M]inimal daily activities . . . do not establish that a person is capable of engaging in substantial physical activity."). The Commissioner argues that there was evidence that Pouska could lift 10 pounds. This does little to support the ALJ's determination that Pouska could, in fact, lift 15 pounds. The Commissioner also argues that there was "some evidence" to refute Pouska's allegation that he could not sit for prolonged periods of time, pointing to testimony from Pouska's hip surgeon that the surgery results were satisfactory, that the surgeon stopped treating Pouska before the onset of disability, and that he placed no sitting restrictions on Pouska. (Def.'s Resp. Pl.'s Pet. Att'y Fee at 4.) This is hardly "medical evidence" that Pouska could sit indefinitely.

In sum, the ALJ failed to consider crucial evidence contrary to her decision, made factual determinations based on non-existent evidence, and resolved inconsistencies in the evidence by simply disregarding evidence that contradicted her determination, all contrary to established law. Thus, the ALJ's decision lacked a reasonable basis in fact. *See Crosby v. Halter*, 152 F. Supp. 2d 955, 960 (N.D. Ill. 2001) (finding that the ALJ's decision had no reasonable basis in fact where "the ALJ failed to consider and discuss significant evidence contrary to his ruling"). Courts in this district recognize the "well-established legal principle that if an ALJ's decision lacks an adequate factual basis . . . then the Commissioner's position in relying upon it cannot be substantially justified." *Corder v. Massanari*, No. 00 C 2714, 2001 WL 1355986, at *2 (N.D. Ill. Nov. 1, 2001) (citing *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not

7

substantially justified.")). Therefore, the court holds that the Commissioner's position was not substantially justified and that Pouska is entitled to attorney's fees pursuant to the EAJA.

B. Amount of Fees

Pouska seeks $10,763.19 in fees and expenses. Pouska's counsel has submitted billing records accounting for the time spent on the merits of this case. The reported hours include: (1) 0.70 hours in 1998 at $132.50 per hour; (2) 44.95 hours in 1999 at $136.25 per hour; and (3) 21.30 hours in 2000 and 2001 at $140.00 per hour. This amounts to a total of 66.95 hours on the merits. Pouska's counsel also reports $150.00 in expenses. In Pouska's reply brief on the EAJA fees issue, he requests additional fees for time spent litigating the EAJA application. His counsel reports 10.10 hours in 2001 litigating the EAJA application at $140.00 per hour, for a total of $1,414.00. Pouska proposes the correct hourly rates limited by the EAJA. 28 U.S.C. § 2412(d)(2). However, attorney's fees awarded must still be reasonable. *Id.* § 2412(d)(2)(A).

The Commissioner argues that the amount of hours spent on the merits of the case is excessive, pointing to case law holding that the average number of hours that an attorney works on a Social Security case ranges from twenty to forty hours. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) (observing that the average number of hours for an attorney to work on a Social Security case ranges from thirty to forty hours); *Spruil v. Bowen*, 691 F. Supp. 302, 306-07 (M.D. Fla. 1988) (reducing fee claim from sixty-two to thirty-seven hours); *Silva v. Bowen*, 658 F. Supp. 72, 73 (E.D. Pa. 1987) (reducing fee claim from fifty-four to twenty-nine hours); *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) ("In cases of this nature, compensated hours generally range from twenty to forty hours."). The Commissioner further argues that Pouska's counsel is experienced in representing Social Security claimants, and

therefore should not have spent so much time litigating Pouska's claim. The court rejects the Commissioner's arguments.

The Commissioner points to no specific entry in Pouska's counsel's billing document as unreasonable. Rather, the Commissioner summarily asserts that 66.95 hours is too much because it exceeds the "average" number of hours usually spent on Social Security cases and because Pouska's counsel is so experienced in this area of the law that she should not have had to spend so much time. The Commissioner overlooks the fact that many aspects of this case make it different from the "average" Social Security case. First, Pouska's counsel was required to draft a response brief when the Commissioner filed objections to the magistrate judge's R&R. The billing report indicates that she spent over 15 hours on that project. The cases on which the Commissioner relies did not involve the government's objections to an R&R. Furthermore, it is apparent that the detailed arguments and facts in this case make it more complex than the "average" case. The fact that Pouska's counsel is experienced, if it is considered a factor at all, indicates that the amount of hours spent in this case could have been much greater than it was.

The court has reviewed the billing statement provided by Pouska regarding the merits of the case and concludes that both the hours expended and the rates requested are reasonable. Therefore, Pouska is entitled to attorney's fees and expenses for his counsel's work on the merits of the case, or $9,349.19.

The time spent litigating the EAJA fees is a different issue. Time spent litigating an EAJA fee is compensable under the EAJA. *Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990). However, Pouska failed to include a request for these fees in his original application, as contemplated by the EAJA. 18 U.S.C. § 2412(d)(1)(B). The first time that Pouska raised a

9

request for the EAJA litigation fees was in his reply brief to the Commissioner's response to his original EAJA application. The Commissioner has not had a sufficient opportunity to respond to this request. Therefore, the Commissioner may, within 10 days of this order, submit a brief on this issue. Pouska may file a reply brief 7 days thereafter.

**Conclusion**

Plaintiff's application for attorney's fees and costs is granted in part, in the amount of $9,349.19, payable to Frederick J. Daley, Ltd. The Commissioner is granted leave to file, within 10 days of this order, a brief on the issue of Pouska's attorney's fees incurred litigating the EAJA fee petition. Pouska may file a reply brief 7 days thereafter.

ENTER:

Joan B. Gottschall
United States District Judge

DATE: May 31, 2002